## THE STATE v. BECK.

1. **Criminal Practice:** CHANGE OF VENUE: CONFLICTING AFFIDAVITS: DISCRETION OF COURT. An application for a change of venue in a criminal case, on account of the prejudice of the judge and of the people of the the county, is addressed to the discretion of the court, (see cases cited in opinion,) and where the affidavits of the defendant and of the state were conflicting, *held* that this court could not interfere with the overruling of the application.

2. ———: EVIDENCE: DISCHARGE OF ONE JOINTLY INDICTED: CONVICTION OF OTHERS. Although this court held that the evidence against one jointly indicted with defendant, but tried separately, was not sufficient to sustain a judgment of conviction, yet there was other evidence against the defendant, the weight of which was for the jury, and *held* that there was no such want of evidence in this case as to justify this court in interfering with the verdict.

3. ———: ———: THAT CRIME WAS COMMITTED BY ANOTHER. A defendant on a criminal charge has a right to prove, if he can, that the crime was committed by another, but not merely that it might have been committed by another; and so, an offer to prove that such other person was in the community on the night of the crime was properly excluded. as was, also, an offer to prove that the person assailed afterwards expressed the belief that such other person was one of the assailants, and that a description given by the assailed, the next morning after the assault, of one of the persons who assaulted him, corresponded with such other person.

*Appeal from Wright District Court.*

TUESDAY, DECEMBER 20.

THE defendant was convicted of the crime of assault with intent to rob, and sentenced to a term of imprisonment in the penitentiary. He appeals.

*D. C. Filkins* and *J. F. Martin*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—I. The defendant filed a petition for a change

of venue, on the ground of the alleged prejudice of the judge of the district court, and of excitement and prejudice of the inhabitants of the county against him. But the petition was overruled. The application was supported by the affidavits of a large number of inhabitants of the county, and the district attorney filed the affidavits of a number of citizens in resistance. The affidavits in support of the application tended to show the existence of some degree of excitement with reference to the case among the people of the county, while those in resistance tended to prove · that no prejudice existed which would prevent the defendant from having a fair trial in the county. The application was addressed to the discretion of the court, (*State v. Ostrander*, 18 Iowa, 435; *State v. Ross*, 21 Id., 467; *State v. Perigo*, 70 Id., 657,) and we cannot say that the district court abused the discretion with which it is clothed. Defendant's witnesses testified that in their opinion there did exist such prejudice and excitement in the county that he could not have a fair trial, while those for the state testified to a contrary opinion. No fact is proven from which we can conclude that the opinion of the witnesses for the defendant is entitled to any greater weight than that of those for the state. In such cases we will not disturb the finding of the trial court.

II. Defendant was jointly indicted with one Daniel Campbell, but the parties were tried separately. Campbell was tried at a former term, and convicted; but, on appeal to this court, we held that the evidence did not support the verdict, and, when the cause was remanded, it was dismissed as to Campbell on the motion of the district attorney. It is now insisted that the evidence which tends to connect the defendant with the commission of the offense is no stronger than that against Campbell. It is true that the witness Myers (the person on whom the assault is alleged to have been committed) was no more certain on this trial as to the identity

of the persons who committed the crime than he was on the trial of Campbell; and, if the verdict rested alone on his testimony, it probably could not be sustained. But while he did not undertake to identify with certainty the defendant as one of the assailants, his evidence proved the commission of the crime, and the state introduced the evidence of other witnesses which tended to prove certain admissions by the defendant to the effect that he was concerned in the commission of the offense. The question as to the credit which should be given to the testimony of those witnesses was for the jury. If they were credible, the jury was warranted in convicting the defendant on their testimony, and the verdict implies that they believed them to be credible. We cannot interfere with their finding.

III. The witness Myers admitted on cross-examination that soon after the crime was committed he was shown a photograph of one Perry Wolf, and that he then expressed the opinion that Wolf was one of the persons who assaulted him. He also admitted that he afterwards frequently expressed the same opinion. Defendant offered to prove by another witness that Wolf was in the neighborhood at about the time the crime was committed, but the evidence was excluded. Defendant clearly had the right to prove, if he could, that the crime was committed by another. But it would avail him nothing to prove merely that some other person might have committed it, and that was all the excluded evidence would have tended to prove. The persons who committed the crime were masked at the time, and Myers was not able to identify them. The belief afterwards expressed by him that Wolf was one of the party was not evidence of that fact, so that, if the excluded evidence had been admitted, the whole question would have rested on the fact that Wolf was in the neighborhood at the time. But that fact alone has no tendency to prove that he was concerned in the commission of the offense. That the evidence was rightly excluded there can be no question. It was

3. ——; ——; that crime was committed by another.

also proven that Myers, the next morning after the crime was committed, gave a description of one of the men engaged in it, and defendant offered to prove that Wolf answered that description; but the evidence was excluded, and we think rightly. The question was asked with reference to the description given by Myers the day after the occurrence. That description, however, was not evidence of the appearance of the men, but as to that fact it was mere hearsay, so that, if defendant had been permitted to ask it, the answer would not have proven any fact that would have been material. Complaint is made of some of the instructions; but without setting them out, we deem it sufficient to say that they appear correct.

We find no error in the record, and the judgment must be

AFFIRMED.